# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MESHAWN RASHOD JONES and NANCY FUTCH, as Executrix of the Estate of Lace Futch,<br><br>    Defendants.<br><hr>NANCY FUTCH, as Executrix of the Estate of Lace Futch,<br><br>    Counter Claimant,<br><br>    v.<br><br>OWNERS INSURANCE COMPANY,<br><br>    Counter Defendant. | CV 5:23-092 |

**ORDER**

Before the Court is Plaintiff-Counter Defendant Owners Insurance Company's motion to dismiss or strike counterclaim. Dkt. No. 26. The motion has been fully briefed, dkt. nos. 31, 33, 35, and is ripe for review.

**BACKGROUND**

On December 20, 2022, Meshawn Jones filed a negligence lawsuit against "Lace Futch [doing business as] No Name Bar" in the

Superior Court of Atkinson County, Georgia. Dkt. No. 1-1. Jones alleged that on January 24, 2021, while he was present at No Name Bar operated by Lace Futch, he was shot by a patron and, as a result, suffered personal injuries. Id. Jones brought claims of negligence against Lace Futch. Id. At the time of the alleged shooting, Lace Futch had a commercial general liability insurance policy with Owners Insurance Company ("the Policy"). Dkt. No. 1 ¶ 34. Owners designated attorneys to defend against Jones's claims. See Dkt. No. 20 at 27.

On October 9, 2023, Owners Insurance Company ("Owners") filed this declaratory judgment action against Meshawn Jones and Nancy Futch, the executrix of Lace Futch's estate. Dkt. No. 1. Owners seeks a declaration as to whether the Policy issued to Lace Futch affords coverage for the claims asserted and damages sought by Jones in the underlying lawsuit. See generally id.

On November 27, 2023, Nancy Futch (hereinafter "Futch") filed an answer to Owners' complaint, as well as a counterclaim. Dkt. No. 20 at 1, 26. In the counterclaim, Futch explains that, at the time she became aware of Jones's claim against Lace Futch and the No Name Bar, Lace Futch had passed away. See id. at 28; Dkt. No. 20-5 at 2. Futch alleges she "reported and filed a claim for the loss with [Owners] as soon as practical after being notified of the claim." Dkt. No. 20 at 28. Futch then alleges that, despite designating attorneys to represent her, "[Owners] has failed to

2

provide [her] with adequate legal representation under the terms of the [P]olicy." Id. at 29. Specifically, she alleges Owners "has failed to provide [her] sufficient defense . . . upon the Underlying Lawsuit" and "ha[s] not met with or kept [her] properly advised on the status of the Underlying Lawsuit." Id. at 27. Futch also asserts Owners has "wrongfully defamed" Lace Futch. Id. at 28. Futch states Owners' actions have caused her extreme distress, and she has suffered damages and attorney's fees extending from the underlying lawsuit as well as this lawsuit. Id. at 27-28. She brings claims for breach of contract, id. at 28, and attorney's fees, id. at 30.

On December 18, 2023, Owners filed a motion to dismiss or strike Futch's counterclaim. Dkt. No. 26 (citing Fed. R. Civ. P. 12(b)(6), 12(f)). Owners primarily argues that Futch fails to state a claim upon which relief can be granted. See id. at 1, 5. Futch opposes the motion. Dkt. Nos. 31, 35.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met;

legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Owners argues Futch's counterclaim allegations fail to state a claim for which relief can be granted. Dkt. No. 26 at 5. Indeed, Futch's allegations are vague. See, e.g., Dkt. No. 20 at 29 ("[Owners] has failed to provide [her] with adequate legal representation under the terms of the [P]olicy."); id. at 27 (Owners "has failed to provide [her] sufficient defense . . . upon the Underlying Lawsuit" and "ha[s] not met with or kept [her] properly advised on the status of the Underlying Lawsuit.").

In her response to Owners' motion to dismiss or strike, Futch makes additional factual allegations—which are not contained in

4

her counterclaim—to support her allegation that Owners has failed to provide her with a sufficient defense in the underlying action. See generally Dkt. No. 31. She states "[t]he only time the law firm communicated with [her] was when Jeremy W. Willis . . . advised her that [a certain] law firm was representing her." Id. at 3. She states "[t]he record in the Underlying Lawsuit shows that the only activity in the case on behalf of [Futch] was to answer the complaint, answer one calendar call, and agree to the substitution of parties at approximately the same time Plaintiff filed for this declaratory judgment action." Id. at 2-3. She complains "no discovery [was] performed," and her designated attorneys never contacted witnesses and "never gave her a copy of any of the proceedings nor attempted to get any information she might have about the case." Id. at 3.

Futch argues that her counterclaim sufficiently states a claim for relief because she "incorporated all of the facts, admissions, denials and Defenses in her Answer" into her counterclaim. Dkt. No. 31 at 4; see also Dkt. No. 20 at 27. Futch's answer is twenty-five pages, consists of sixty-eight paragraphs, and references four exhibits, which themselves consist of thirty-five pages. See Dkt. Nos. 20, 20-1, 20-2, 20-3, 20-4. The counterclaim itself contains only five factual allegations. Dkt. No. 20 at 27-28. As for causes of action, Futch asserts a claim for breach of contract and a claim for attorney's fees. Id.

at 28-30. Though the crux of Futch's breach of contract claim is based on her assertion that Owners has failed to provide her with adequate legal representation in the underlying case as required by the Policy, id. at 29, she also mentions Owners' "failure to indemnify," id., as well as Owners' "bad faith," id. at 30. In her claim for attorney's fees, Futch again mentions Owners' bad faith. Id. In her prayer for relief, Futch requests (1) that this case be dismissed and costs awarded to her; (2) that the Court declare Owners owes a duty to defend or indemnify Lace Futch's estate; (3) that these proceedings be stayed until the Georgia Bureau of Investigation can complete its investigation of the facts in the underlying case; (4) that these proceedings be stayed so Futch can file a motion for summary judgment in the underlying case; (5) that judgment be entered in Futch's favor and that she be awarded damages; (6) that the Court bind the parties with the requested judgment; (7) that the Court dismiss Owners' complaint and award Futch "all damages, costs, expenses, and attorney's fees that the estate is entitled to receive;" and (8) that the Court grant Futch any further relief to which she is entitled. Id. at 30-31.

The pleading violations here are two-fold. First, Futch's counterclaim contains only two separate counts—breach of contract and attorney's fees—yet she mentions potential claims related to Owners' wrongful defamation of Lace Futch, id. at 20, Owners'

failure to indemnify, id. at 29, and Owners' bad faith, id. at 26. The organization of the counterclaim renders it difficult to discern precisely what claims Futch intends to bring. Second, Futch's counterclaim is vague and largely devoid of factual allegations. Id. at 27-28 (counterclaim containing only five factual allegations). Thus, Owners cannot be expected to respond when the basis for her claims is unknown.

When a single count presents several distinct claims for relief, the pleading is a shotgun pleading. Bickerstaff Clay Prods. Co. v. Harris Cnty., Ga., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."). Rule 10(b) requires each claim or defense to be set forth in a separate count precisely to avoid the scenario presented here where several claims are subsumed into a single count.

The issue is further compounded by Futch's attempt to supplement her counterclaim's mere five factual allegations by incorporating by reference her answer, which is twenty-five pages long, consists of sixty-eight paragraphs, and references four exhibits, which themselves consist of thirty-five pages. It is exceedingly difficult to sift through that voluminous content and determine which allegations pertain to which claims. The inclusion of vague and irrelevant allegations is another hallmark of a

shotgun pleading. <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321-22 (11th Cir. 2015).

Finally, while Futch's response to Owners' motion contains additional factual allegations pertaining to her claim, that is procedurally improper. The factual allegations supporting her claim must be contained in her counterclaim, not in a responsive brief. <u>Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention</u>, 623 F.3d 1371, 1371 (11th Cir. 2010) (quotation marks omitted) (When deciding Rule 12(b)(6) motions, "it is generally true that the scope of the review must be limited to the four corners of the complaint."); <u>SE Prop. Holdings, LLC v. Braswell</u>, No. 13-0267, 2013 WL 4498700, at *5 n.6 (S.D. Ala. Aug. 21, 2013) ("The sufficiency of plaintiff's Complaint must be evaluated based on its contents, not those of a subsequent memorandum of law.").

Though the Court has determined that Futch's counterclaim is a shotgun pleading, the Court will permit her to file a more definite statement of her claims. "[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" <u>Lampkin-Asam v. Volusia Cnty. Sch. Bd.</u>, 261 F. App'x 274, 277 (11th Cir. 2008) (quoting <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1275 (11th Cir. 2006)). Further, "[w]here

8

a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).

Accordingly, Owners' motion to dismiss or strike Futch's counterclaim, dkt. no. 26, is **DENIED** at this time.  Futch is **ORDERED** to file a more definite statement of her counterclaim within **twenty (20) days** of the date of this Order.  Her failure to do so will result in dismissal of her counterclaim with prejudice.  Further, Futch is warned that her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of her counterclaim.

## CONCLUSION

Owners' motion to dismiss or strike Futch's counterclaim is **DENIED** at this time.  Dkt. No. 26.  Futch is **ORDERED** to file a more definite statement of her claims, as directed above, within **twenty days** of the date of this Order.

**SO ORDERED** this 7th day of February, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9