# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

OWNERS INSURANCE COMPANY,

     Plaintiff,

     v.

MESHAWN RASHOD JONES and NANCY
FUTCH, as Executrix of the
Estate of Lace Futch,

     Defendants.

CV 5:23-092

NANCY FUTCH, as Executrix of
the Estate of Lace Futch,

     Counter Claimant,

     v.

OWNERS INSURANCE COMPANY,

     Counter Defendant.

## ORDER

Before the Court is Plaintiff-Counter Defendant Owners Insurance Company's ("Owners") motion to dismiss Defendant-Counter Claimant Nancy Futch's amended counterclaim. Dkt. No. 42. The motion has been thoroughly briefed, dkt. nos. 42, 45, 49, 53, 56, 60, 64, 67, 69, 73, 75, 79, 81, and is ripe for review. For the reasons stated below, Plaintiff-Counter Defendant Owners' motion to dismiss is **GRANTED**.

**BACKGROUND**

This case arises from a negligence lawsuit filed by Meshawn Jones against Lace Futch, doing business as "No Name Bar," in the Superior Court of Atkinson County, Georgia. Dkt. No. 1-1. Jones alleged that on January 24, 2021, while he was present at No Name Bar operated by Lace Futch, he was shot by a patron and, as a result, suffered personal injuries. Id. Jones brought claims of negligence against Lace Futch. Id. At the time of the alleged shooting, Lace Futch had a commercial general liability insurance policy with Owners Insurance Company ("the Policy"). Dkt. No. 1 ¶ 34. Owners designated attorneys to defend against Jones's claims. See Dkt. No. 20 at 27.

On October 9, 2023, Owners filed this declaratory judgment action against Meshawn Jones and Nancy Futch, the executrix of Lace Futch's estate. Dkt. No. 1. Owners seeks a declaration as to whether the Policy issued to Lace Futch affords coverage for the claims asserted and damages sought by Jones in the underlying lawsuit. See generally id.

On November 27, 2023, Nancy Futch (hereinafter "Futch") filed an answer to Owners' complaint, as well as a counterclaim. Dkt. No. 20 at 1, 26. In the counterclaim, Futch explained that, at the time she became aware of Jones's claim against Lace Futch and the No Name Bar, Lace Futch had passed away. See id. at 28; Dkt. No. 20-5 at 2. Futch alleged that she "reported and filed a claim for

the loss with [Owners] as soon as practical after being notified of the claim." Dkt. No. 20 at 28. Futch then alleged that, despite designating attorneys to represent her, "[Owners] [] failed to provide [her] with adequate legal representation under the terms of the [P]olicy." Id. at 29. Specifically, she alleged Owners "failed to provide [her] sufficient defense . . . upon the Underlying Lawsuit" and "ha[d] not met with or kept [her] properly advised on the status of the Underlying Lawsuit." Id. at 27. Futch also asserted that Owners "wrongfully defamed" Lace Futch. Id. at 28. Futch states Owners' actions caused her extreme distress, and she suffered damages and attorney's fees extending from the underlying lawsuit as well as this lawsuit. Id. at 27-28. She brought claims for breach of contract, id. at 28, and attorney's fees, id. at 30.

On December 18, 2023, Owners filed a motion to dismiss or strike Futch's counterclaim. Dkt. No. 26 (citing Fed. R. Civ. P. 12(b)(6), 12(f)). On February 7, 2024, the Court denied the motion and ordered Futch to file a more definite statement of her claims. Dkt. No. 38. The Court further warned Futch "that her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of her counterclaim." Id. at 9.

Futch filed her amended counterclaim on February 27, 2024. Dkt. No. 40. Again, Futch alleges that she reported and filed a

3

claim with Owners "as soon as practical after being notified of the claim," but Owners failed to "indemnify and provide [her] with legal representation." Id. at 5. She claims that her designated lawyers have not met with her, advised her of the status of the underlying lawsuit, or conducted discovery. Id. at 3. She also alleges that she "has been extremely distraught by [Owners'] wrongful disregard for the facts in this case and has suffered damages and attorney's fees extending from the [u]nderlying [l]awsuit." Id. at 3. She brings claims for breach of contract, attorney's fees, and bad faith. Id. Owners now moves to dismiss Futch's amended counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 42.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

4

A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same

5

does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Lastly, exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

Owners argues that Futch's amended counterclaim should be dismissed for three reasons: (1) it fails to state any facts that are plausible on their face to establish a breach of contract claim; (2) the amended counterclaim constitutes a shotgun pleading; and (3) Counts II and III of the amended counterclaim fail under O.C.G.A. §§ 33-4-6 and 13-6-11. Dkt. No. 42. The Court will take these arguments in turn.

## I. The Amended Counterclaim Fails to Establish a Breach of Contract Claim.

"The elements for a breach of contract claim in Georgia are

the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." <u>Moore v. Lovein Funeral Home, Inc.</u>, 852 S.E.2d 876, 880 (Ga. Ct. App. 2020) (internal quotation marks and citation omitted). A breach results if a contracting party "fails to perform the engagement as specified in the contract." <u>Id.</u>

To survive a motion to dismiss, a breach of contract claim must identify a specific contractual provision that the defendant breached. <u>See</u> <u>Est. of Bass v. Regions Bank, Inc.</u>, 947 F.3d 1352, 1358–59 (11th Cir. 2020); <u>see also</u> <u>Brooks v. Branch Banking & Trust Co.</u>, 107 F. Supp. 3d 1290, 1295–96 (N.D. Ga. 2015); <u>Bryant v. Progressive Mut. Ins.</u>, 243 F. Supp. 3d 1333, 1340 (M.D. Ga. 2017) (finding that a complaint failed to state a claim for breach of an insurance contract because "Plaintiff [] made broad allegations regarding Defendant's alleged breach, but Plaintiff [] failed to allege a particular contractual provision that the Defendant has violated." (citation omitted)). To state a claim for breach of contract that is plausible on its face, a plaintiff need only plead factual content that allows the Court to draw a reasonable inference that the defendant breached a specific contractual provision. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. This is a "generous" standard, but "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 678–79.

Futch's amended counterclaim does not identify a specific contractual provision that Owners allegedly breached. See Dkt. No. 40. In her initial counterclaim, Futch alleged that Owners breached the Policy because it "failed to provide sufficient defense to" her. Dkt. No. 20 at 27. In her amended counterclaim, Futch now alleges that Owners breached the Policy because it "failed to provide sufficient defense to [Futch] in the Underlying Lawsuit pursuant to the policy provisions as evidenced by a certified copy of the case file in the underlying lawsuit." Dkt. No. 40 at 3. Instead of identifying a specific contractual provision—as she must—Futch merely points to the entire sixty-four-page case file of the underlying lawsuit and its "policy provisions." Id.; see also Dkt. No. 40-1. Alone, Futch's failure to identify a specific policy provision breached by Owners is sufficient to dismiss her amended counterclaim.

Futch further argues that her amended counterclaim states a claim for breach of contract because her answer contained sufficient allegations to establish a claim for relief. Dkt. No. 45 at 2–9. Indeed, Futch's amended counterclaim "incorporates the facts, admissions, denials, and Defenses in her Answer to this action." Dkt. No. 40 at 2. As the Court previously explained, Futch's answer "is twenty-five pages long, consists of sixty-eight paragraphs, and references four exhibits, which themselves consist of thirty-five pages. It is exceedingly difficult to sift through

8

that voluminous content and determine which allegations pertain to which claims." Dkt. No. 38 at 7. Again, this is not sufficient to state a claim for breach of contract. Pleading conclusory allegations and citing large documents wholesale cannot establish a breach of contract claim.

## II. The Amended Counterclaim Constitutes a Shotgun Pleading.

"The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Beckwith v. Bellsouth Telecoms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The second type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323.

Futch's amended counterclaim falls into at least two categories of shotgun pleading. First, as discussed above, Futch incorporates her answer into her counterclaim and reincorporates her answer into her claims. Dkt. No. 40. Essentially, Futch's claims reincorporate every fact, admission, denial, and defense set forth in her answer. "This circumstance makes it virtually impossible to discern which of the many facts alleged supports each counterclaim." Action Nissan, Inc. v. Hyunai Motor Am. Corp., No. 6:21-cv-2152, 2023 WL 8528841, at *1 (M.D. Fla. Dec. 8, 2023).

Second, the amended counterclaim merges multiple claims for relief into single counts. In Count I, Futch's claim for breach of contract, she alleges: (1) Owners failed to provide adequate legal representation; (2) Owners failed to indemnify; (3) Owners acted in bad faith and has been stubbornly litigious; and (4) Owners has caused Futch "unnecessary trouble, worry, emotional distress, and expense by failing to investigate this case and to abide by the terms of its policy obligations." Dkt. No. 40 at 6-7. In Count II, Futch's claim for attorney's fees, she again alleges bad faith and "unnecessary trouble and expense." Id. at 8. The amended counterclaim "is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."

10

Bickerstaff Clay Prods. Co. v. Harris Cnty., Ga., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996). Rule 10(b) requires each claim or defense to be set forth in a separate count precisely to avoid the scenario presented here where several claims are subsumed into a single count.

The organization of the amended counterclaim renders it difficult to discern precisely what claims Futch intends to bring. This, coupled with the fact that the amended counterclaim is vague and devoid of sufficient factual allegations, means that Owners cannot be expected to respond because the basis for Futch's claims is unknown. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Futch has had the chance to amend her counterclaim to avoid shotgun pleading but failed.

**III.  Futch's Amended Counterclaim Does Not State a Claim for Bad Faith.**

To prevail on a bad faith claim against an insurer under O.C.G.A. § 33-4-6, the plaintiff must prove: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." Lavoi Corp. v. Nat'l Fire Ins. of Hartford, 666 S.E.2d 387, 391

(Ga. Ct. App. 2008) (footnote omitted). As the Eleventh Circuit recently explained, "O.C.G.A. § 33-4-6 is not a strict liability statute. An insurance company that fails to make a payment on a covered claim within sixty days of a demand faces a penalty only if its nonpayment was motivated by bad faith." Turner v. CMFG Life Ins. Co., No. 23-11387, 2023 WL 5527748, at *2 (11th Cir. Aug. 28, 2023) (citing Lavoi Corp., 666 S.E.2d at 391). "[B]ad faith . . . is defined as any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy." Ga. Farm Bureau Mut. Ins. Co. v. Williams, 597 S.E.2d 430, 432 (Ga. Ct. App. 2004) (internal quotation marks omitted) (quoting Fortson v. Cotton States Mut. Ins. Co., 308 S.E.2d 382, 384 (Ga. Ct. App. 1983)).

O.C.G.A. § 33-4-6 imposes a penalty. Turner, 2023 WL 5527748, at *2. Penalties and forfeitures are not favored under Georgia law. S. Gen. Ins. Co. v. Kent, 370 S.E.2d 663, 665 (Ga. Ct. App. 1988) (citation omitted). For that reason, the right to recover under O.C.G.A. § 33-4-6 "must be clearly shown" and the statute's requirements "are strictly construed." Turner, 2023 WL 5527748, at *2 (internal quotation marks and citations omitted). Bad faith penalties are not authorized if "the insurance company has any reasonable ground to contest the claim" and if "there is a disputed question of fact" as to the validity of the claim. Allstate Ins. Co. v. Smith, 597 S.E.2d 500, 502 (Ga. Ct. App. 2004) (internal

12

quotation marks and citation omitted).

As the insured party, Futch bears the burden of proving Owners' bad faith. Ga. Farm Bureau Mut. Ins. Co., 597 S.E.2d at 432. Futch, however, has not "clearly shown" a right to recover under O.C.G.A. § 33-4-6. In support of her bad faith claim, Futch offers only conclusory allegations that Owners "has acted in bad faith, has been stubbornly litigious, and has continued to accept premiums." Dkt. No. 40 at 8. Futch does not allege facts from which the Court could reasonably infer that her claim was covered under the Policy, that she made a demand against Owners within sixty days, or that Owners acted in bad faith.

Similarly, Futch's conclusory allegations and shotgun pleadings do not establish an O.C.G.A. § 13-6-11 claim. Futch fails to plead sufficient facts from which the Court could draw a reasonable inference that Owners "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. Accordingly, Futch's bad faith claim must be dismissed.

**CONCLUSION**

For these reasons, Plaintiff-Counter Defendant Owners' motion to dismiss, dkt. no. 42, is **GRANTED**. Defendant-Counter Claimant Futch's amended counterclaim, dkt. no. 40, is therefore **DISMISSED with prejudice**.

**SO ORDERED** this 29th day of August, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA